Baldwin, Justice.
(Dissenting.) — I am compelled to dissent from the. opinion of the court in this case, for the following reasons : The certificate of the clerk of the court of appeals, attached to this record, is in these words: “I, Jacob Swigert, clerk of the court of appeals for the state aforesaid, do hereby certify, that the foregoing seventy-two pages contain a transcript of the record and proceedings in the case therein mentioned and I feel bound, on the preliminary question of jurisdiction, to consider all that is so contained to be a part of the record in this suit; so far, at least, as to give power to this court to examine whether the judgment of the court of appeals is erroneous or not.
On a motion to dismiss this cause for the want of jurisdiction, the only question which arises is, whether it comes primé facie within the 25th section of the judiciary act? This must be decided on an inspection of the whole ^record ; and if it does appear that it presents any of the cases r*9f>n therein provided for, the motion must be refused. When the record L cotnes to be judicially examined, this court may be of opinion, that though the question did arise which brings their powers into action, yet it did not come up in such a shape, or is not so stated in the record of the court of appeals, that this court can affirm or reverse it, for the specific cause assigned for error. If the question appears in any part of the record, it is enough, in my opinion, for jurisdiction. The manner in which it appears, seems to me, only to be examinable, after jurisdiction is entertained.
It appears on the record, that the plaintiff read in evidence, on the trial of the cause, a patent from Kentucky for six hundred acres of land, in pursuance of three military warrants, Nos. 1115, 1125 and 1153 j entered on the 21st of July 1784, and surveyed the 23d of May 1785. The patent is set forth verbatim. As the state of Kentucky had no existence in 1784 or 1785, when these warrants were entered and surveyed, we cannot be judicially ignorant that these acts, as well as the issuing of the warrants, and the title founded on them, were under the laws of Virginia. As the compact between the two states is a part of the constitution of Kentucky, we cannot be ignorant of its existence, and that it relates to lands held in Kentucky under the laws of Virginia. After the plaintiff in ejectment had recovered judgment, it appears, that the court appointed commissioners to assess the value of the improvements made by the defendant on the land recovered from him by the plaintiff. The commissioners filed their report, awarding $1-350 ; and the court rendered judgment for this sum. The parties were then reversed. Fisher, the defendant, moved the court to quash the proceedings ; on their refusal, he sued out a writ of error from the court of appeals, summoning the plaintiff Cockerell, to “ show cause, if any he can, why a judgment obtained by him against Fisher, in the Union circuit court, at the March term 1824, for $1350, the value of the improvements as assessed by the commissioners appointed under the occupying claimant law, besides costs, *168 should not be reversed, for the errors therein contained.” *On the record being removed into the court of appeals, Fisher, among other reasons for reversing the judgment, assigned this : “ The plaintiff deriving his title from Virginia, the act or acts of the state of Kentucky, on which the court has founded its opinion, is repugnant as to the compact with Virginia ; therefore, void as to the case before the court, being against the constitution of the United States.” The court gave a deliberate opinion on this exception, and adjudged the occupying claimant law to be constitutional, and affirmed the judgment of the circuit court.
All this appears in the seventy-two pages of the record, certified to us from the court of appeals. I do not feel authorized to declare, that what is so certified by the highest court is no part of the record, and judicially unknown to this court ; nor when the record comes up, certified as one entire act, can I, on a question of jurisdiction, summarily decide, that one part is not as much within judicial cognisance as another. I cannot be ignorant that John Fisher, a plaintiff in ejectment, claimed under a patent to himself, founded on a warrant, entry and survey, made in Virginia, and under her laws, has recovered a judgment for his land ; and that the defendant in the same suit has obtained a judgment against him for $1350, under the laws of Kentucky, which has been affirmed by the highest court in that state. In this, I cannot fail to see with judicial eyes, that the validity of a statute of a state has been drawn in question, on the ground of being repugnant to the constitution of the United States. It seems to me, to present the very question arising under the 25th section, clearly and definitely set forth, sufficiently explicit, at least, for jurisdiction, and containing, in my opinion, all the certainty requisite to enable this court to decide whether they will affirm or reverse the judgment of the court of appeals.
The court of appeals did not think, that the record of the circuit court did not bring the great question directly and distinctly for their consideration. It seems to me, that the fact of the plaintiff in ejectment being saddled with a judgment of $1350, at the suit of a defendant, for improvements, necessarily involves every question necessary to give this court *na9n jurisdiction. A ^'citizen of Kentucky has a right to question the J validity of the occupying claimant law, on its alleged repugnancy to the constitution of the United States. Independent of the compact, this court would be bound to hear him on that question, on a writ of error from the court of appeals, on a title wholly emanating from Kentucky. It may be questioned, whether he could set up the compact, but he could, at least, claim the protection of the constitution in this court. This is all that is necessary for jurisdiction.
We are not informed, that it is necessary in the circuit courts of Kentucky, for a party moving to quash a proceeding like the one contained in this record, to specify the grounds. This motion does not appear to have been oven-uled by that court for such a reason, but solely on the validity of the law ; the judgment of the court of appeals was given expressly on the ground, that it was not repugnant to the constitution of the United States.
When the state courts decide the merits of a judgment in favor of the defendant in ejectment, for his improvements, I am not prepared to say, that their records are not cognisable here, and that the constitutionality of the law nnder which they are rendered, does not arise on the judgment :tself : *169 and I do not know why we should be more astute to the mode in which a question is presented on a record, than the supreme court of a state. It is not a settled rule of law, that reasons for the motion should be assigned of record ; that is a matter of practice to be regulated by rule. No reasons are assigned of record in this court, on motions to quash, or errors assigned on a judgment. They are stated to the court, and in my opinion, whenever a motion is made in any court, to quash any proceeding, the party moving may urge any reason showing it to be void, without specifying them on record, unless it is required by some rule. If the court of appeals had refused to consider the question, on the record of the circuit court, because the reasons and grounds of the motion were not or record, we might, if the rule of comity applies to decisions of state courts on questions affecting the jurisdiction of this court under the 25th section, have made their decision the rule for ours. But, in yielding to this objection, we consider the record of the circuit court in an aspect entirely different from *that in which it was viewed and solemnly acted on by the court of appeals. The t occupying claimants' laws are public acts, of which all courts in Kentucky are bound to take judicial notice. The proceeding of Cockerell against Fisher was conducted under the immediate eye and order of the court: in its very nature, it imported to be taken under those laws. There were no other laws which would authorize such a judgment; and the validity of the judgment involved the validity of the law.
But I apprehend that it is not necessary to give jurisdiction to this court, that it should appear in the record of an inferior state court, that a question arises on the validity of a state law ; we have only to look to the record of the court to which we may issue a writ of error, and whose judgment we must reverse or affirm ; if it appears there, that the validity of a state law has been drawn in question, for the reason set forth in the 25th section, and that the decision of the highest court is in favor of its validity, the party against whom their judgment is given has a right to be heard in this court.
In this case, the writ of error from the court of appeals to the circuit court most distinctly alleges the judgment to have been under the occupying claimant law ; the error assigned denies its validity, as repugnant to a compact and constitution ; and the opinion and judgment of the court affirmed the validity. I cannot, therefore, consider this record as coram non judice. The question involved in it is as distinct to my mind, and as unavoidable, as special pleading can make ; and the plaintiff in error has, in my judgment, an undoubted right to the opinion of this court, on the constitutional validity of the judgment rendered against him by the court of appeals of Kentucky.
This cause came on to be heard, on the transcript of the record from the court of appeals for the state of Kentucky, being the highest court of law in said state, and was argued by counsel: On consideration whereof, it is considered, ordered and adjudged by this court, that the writ of error in this cause be, and the same is hereby dismissed, for want of jurisdiction.